## CIRCUIT COURT OF ROCKINGHAM COUNTY

Commonwealth of Virginia
Department of Social Services
Division of Support Enforcement Programs,
ex rel. Comptroller of Virginia
on behalf of Carol J. Williams

v.

Ricardo O. Curry

June 28, 1985

Case No. (Juvenile) 1210

By JUDGE JOSHUA L. ROBINSON

This is an appeal *de novo* from an order of the Twenty-Sixth District Juvenile and Domestic Relations Court dated April 12, 1985, directing the defendant to submit to a blood test. The case has been submitted to the Court on the record, and was argued by counsel, Carlton S. Gregory, Esquire, Assistant Attorney General for the petitioner, and Robert G. Dinsmore, Jr., Esquire, for the defendant.

This case began by a petition under the above style filed in the Juvenile and Domestic Relations Court for the County of Rockingham praying for "an order of support directed to said respondent. . . and/or such other relief as the law provides." The defendant apparently made an oral motion to dismiss on the grounds of *res adjudicata* or double jeopardy which plea the Juvenile and Domestic Relations Court overruled and this appeal apparently is from the Juvenile Court's ruling on that interlocutory motion.

The defendant bases his plea upon certain records of the Juvenile and Domestic Relations Court: (1) a petition filed November 5, 1975, under the style of "Commonwealth of Virginia *in re* Candace Renee Williams." (2) The only other document filed is the order of the Juvenile

and Domestic Relations Court of November 18, 1975. The ruling of the Juvenile and Domestic Relations Court was:

> The Court puts statutory questions to determine whether or not Ricardo is the parent father of Candace Renee Williams. The Court cannot declare that he is, and it is therefore, ORDERED that this case be dismissed, and costs are waived.

Counsel agree that the elements of res adjudicata are correctly stated as: (1) the prior judgment was entered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; (3) the same parties and their privies are involved in both suits; (4) the two actions are based on the same issues and material facts; and (5) the two proceedings present the same cause of action. *United States* v. *Mumford*, 630 F.2d 1023, 1027 (4th Cir. 1980), *cert. denied* 450 U.S. 1041 (1980).

It is difficult to ascertain from the pleadings whether there is identity of the parties, but the Court will assume that the parties are the same. The Court can look only to the record on a plea of *res adjudicata*, and no evidence was proffered dehors the record. In order for *res adjudicata* to apply, there must have been a prior judgment which was a final judgment on the merits of the case before the Court. The order of the Juvenile Court was "The Court cannot declare that he is (the father of the child)." The order was that the case be dismissed without adjudication; there was no adjudication that he was not the father of the child.

The Commonwealth moves to dismiss the appeal because there is no final judgment of the District Court. The position of the Attorney General may well be correct. However, in the interest of judicial economy the Court will treat the appeal as a petition for Writ of Prohibition against the Judge of the Juvenile Court to prevent him from enforcing his order.

Accordingly, the judgment of the District Court overruling the plea of *res adjudicata*, also considered to be a Plea of Estoppel by Judgment, is affirmed, and treating the appeal as a petition for Writ of Prohibition, the petition is denied.